UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA ROBERTSON,

Plaintiff,

v.

HANNAH WELSH, et al.,

Defendants.

Case No. 24-cv-00540-JST

**ORDER OF PARTIAL SERVICE**

Re: ECF No. 32

Plaintiff, a civil detainee, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  His third amended complaint, ECF No. 32, is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**I.    Procedural History**

On or about January 11, 2024, Plaintiff commenced this action by filing the complaint docketed at ECF No. 1 in the Eastern District of California.  The Eastern District of California transferred the action to this district because the events alleged in ECF No. 1 occurred in this district.  Plaintiff then filed a supplement to the initial complaint, ECF No. 9; a first amended complaint, ECF No. 11; and a second amended complaint, ECF No. 13.

On February 10, 2025, the Court screened the second amended complaint and found that the claim that Napa State Hospital had a policy and culture of suppressing patients' First Amendment right to free speech by including stipulations in patient treatment plans that prohibits arguments and by threatening patients with incident management reports should they engage in arguments stated a cognizable claim for violation of the First Amendment right to freedom of expression.  ECF No. 15 at 3-4.

On June 20, 2025, pursuant to Plaintiff's notice of voluntary dismissal of his claims against Napa State Hospital, ECF No. 28, the Court dismissed Napa State Hospital from the action without prejudice, ECF No. 29. The Court granted Plaintiff's request for leave to file a third amended complaint presenting claims against Napa State Hospital ("NSH") executive director Jenny Clay, NSH licensed clinical social worker Hannah Welch, the Department of State Hospitals ("DSH"), and DSH Standards Compliance Director Tennille Tune. ECF No. 29.

## II.     Third Amended Complaint

### A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

/ / /

United States District Court
Northern District of California

**B.    Third Amended Complaint**

The third amended complaint names as defendants Napa State Hospital ("NSH") executive director Jenny Clay, NSH licensed clinical social worker Hannah Welch, Department of State Hospitals ("DSH") Standards Compliance Director Tennille Tune; and DSH executive director Stephanie Clendenin.  ECF No. 32.

The third amended complaint makes the following relevant factual allegations.

On December 28, 2023, Plaintiff informed nurses Lilly Doe and Martinez that food servers were taking home food meant for the patients, thereby depriving patients of half of their meal. Nurse Lilly Doe told Plaintiff to mind his business and sit down.  Plaintiff informed nurses Lilly Doe and Martinez that NSH Unit T-7 supervisor Tiku had directed Plaintiff to inform the nurses if he witnessed food servers being hostile.  Nurse Martinez felt that Plaintiff had embarrassed her in front of the other patients by holding her accountable for not doing her job, so she pulled the emergency alarm and issued Plaintiff an incident management report ("I.M.").  An IM can extend a patient's confinement in a state mental hospital for at least two additional years.

On December 29, 2023, Plaintiff met with defendant Welsh and his psychologist Danielle Williams.  Plaintiff asked defendant Welsh if she could "exempt" the I.M., as he only been advocating for himself and the other patients in a non-violent, non-threatening manner, which is protected First Amendment speech.  Defendant Welsh responded, "While I admire your compassion, you can't become elevated or raise your voice."  Plaintiff alleges that the prohibitions against raising one's voice or being elevated allow staff members to issue IMs when they feel their power and authority are being challenged, even when the patient is speaking intelligently and rationally.

On January 3, 2024, Plaintiff asked nurse Martinez what medication she had tried to inject him with on December 29, 2024, following the incident regarding the dining hall workers.  Nurse Martinez immediately called nurse James into the room.  Plaintiff jokingly asked nurse Martinez why she was so paranoid and whether she needed medication.  Nurse Martinez felt insulted and embarrassed, told Plaintiff that she did not like the way he was talking to her, and pressed the emergency panic button.  The following day, nurse Martinez issued Plaintiff an IM for his joking

3

comment.

In December 2025, Plaintiff noticed that a stipulation had been added to this treatment plan, requiring that he have zero conflicts and zero arguments in order to be discharged from Napa State Hospital.

Plaintiff alleges that the "zero conflicts"/"zero arguments" stipulation is used by staff members in a self-serving manner whereby staff members will falsely allege that a patient is becoming elevated or speaking too loudly when the staff member wants to win an argument or to save face; and that this stipulation is designed to chill Plaintiff's First Amendment right to free speech by rendering him passive, obedient, and fearful of speaking lest he be confined indefinitely due to IMs being issued.

Plaintiff alleges that Defendants have violated his First Amendment right to freedom of expression as follows. Defendant Welch violated his First Amendment right to freedom of expression by including in his treatment plan a "Zero Arguments or Conflicts" stipulation, primarily for the purpose of rendering him passive and fearful, as receiving IMs could extend his confinement indefinitely. Defendants Tune, Clay, and Clendenin violated his First Amendment right to freedom of expression by (1) allowing subordinates to include a "Zero Arguments or Conflicts" stipulation in patients' treatment plans because such a stipulation violates the First Amendment as a conflict or argument inevitably arises when a patient seeks to assert a right and hospital staff seek to suppress the right; (2) condoning a policy whereby nurse Martinez and others could issue an IM to Plaintiff in retaliation for making a non-offensive, non-threatening joke or for advocating for other patients, both of which constitute protected conduct under the First Amendment; and (3) condoning a policy whereby staff members can punish a patient for "becoming elevated" or "raising his voice" when the staff member wants to win an argument, is wrong, or wants to save face.

Plaintiff requests the following relief: nominal, compensatory, and punitive damages, and costs of suit. Plaintiff also requests that the Court enter the following injunctions: (1) a permanent injunction enjoining Jenny Clay or any Napa State Hospital employee from retaliating against him by transferring him to another Department of State Hospital without his consent; entering

comments regarding this lawsuit in his records; discussing or asking any questions regarding this lawsuit; allowing Conrep or forensics employees to ask any questions regarding this lawsuit; entering comments regarding this lawsuit in his records; denying him his Level 3 status; and considering this lawsuit when determining his mental stability; (2) a permanent injunction enjoining defendant Clendenin or any of her subordinates from attempting to collect or otherwise withhold any damages won in this suit to pay for his "Cost of Care" pursuant to Cal. Welf. & Inst. § 7275-7290, or prohibiting him from participating in the Financial Assistance Program; (3) a permanent injunction enjoining PCRS, the entity responsible for determining patient FAP eligibility, from counting any monies awarded in this against the Federal Poverty Limit FAP eligibility threshold. *See generally* ECF No. 32.

### C.     Partial Service

Liberally construed, the third amended complaint's allegation that defendant Welch included a stipulation in Plaintiff's treatment plans that required "Zero Arguments or Conflicts" states a cognizable First Amendment free expression claim. *Pell v. Procunier*, 417 U.S. 817, 822 (1974) (inmate entitled to First Amendment right to freedom of expression so long as not inconsistent with status as prisoner and does not adversely affect legitimate state interest).

However, the third amended complaint fails to state a Section 1983 claim against defendants Tune, Clay, or Clendenin because there is no allegation that these defendants proximately caused the constitutional deprivation and the allegations linking these defendants to the alleged constitutional violation are conclusory. There is no Section 1983 liability simply because an individual or entity supervised an alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right). Similarly, conclusory allegations that a supervisor promulgated unconstitutional policies and procedures which authorized their subordinates' unconstitutional conduct are speculative and do not suffice to state a claim of supervisory liability. *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018). Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally

protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The Court therefore DISMISSES the First Amendment claims against defendants Tune, Clay, or Clendenin, but GRANTS Plaintiff leave to amend to specify how these defendants proximately caused the alleged First Amendment violation.

The Court DISMISSES with prejudice Plaintiff's requests for injunctive relief. The injunctive relief request does not relate to the dispute being litigated. "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). There is a sufficient nexus if the interim order "would grant 'relief of the same character as that which may be granted finally.'" *Id.* (citation omitted); *see, e.g., id.* at 636-38 (district court properly denied plaintiff's request for injunction to prevent HIPAA violation, where plaintiff had not asserted HIPAA violation claim). The third amended complaint alleges that defendant Welch violated Plaintiff's First Amendment right to freedom of expression. The request for injunctive relief concerns how NSH determines Plaintiff's status and placement, whether Plaintiff receives any damages awarded in this case, NSH staff's ability to discuss or record discussions regarding this litigation, and how Plaintiff's financial eligibility for FAP is determined. The issues raised in the motion for injunctive relief are different from the allegations in the operative complaint and therefore are not a proper basis for interim relief. *Pacific Radiation Oncology, LLC.*, 810 F.3d at 633 (plaintiff is not entitled to injunctive relief based on claims not pled in complaint because "court's equitable power lies only over the merits of the case or controversy before it.").

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows.

1.      The Court finds that the third amended complaint states a cognizable First Amendment claim against Napa State Hospital licensed clinical social worker Hannah Welch. The Court DISMISSES from this action the remaining defendants and the injunctive relief claims.

2.      The Court GRANTS Plaintiff leave to amend his claims against defendants Clay,

Tune, and Clendenin.  If Plaintiff wishes to file a fourth amended complaint amending his claims against defendants Clay, Tune, and Clendenin, he must do so within twenty-eight (28) days of the date of this order.   The fourth amended complaint must include the caption and civil case number used in this order, Case No. C 23-00540 JST (PR) and the words "FOURTH AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  Accordingly, Plaintiff must include in his fourth amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the First Amendment claim against defendant Welch which the Court has found cognizable, and may not incorporate material from the prior complaints by reference.  Failure to file a fourth amended complaint in accordance with this order in the time provided will result in this action proceeding solely against defendant Welch on the First Amendment claim found cognizable above.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

3.     The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint with all attachments thereto (ECF No. 32), and a copy of this order upon defendant **Napa State Hospital licensed clinical social worker Hannah Welch at Napa Valley State Hospital, 2100 Napa Vallejo Highway, Napa CA 94558-6293**.  A courtesy copy of the operative complaint with attachments (ECF No. 32) and this order shall also be mailed to the California Attorney General's Office.

4.     In order to expedite the resolution of this case, the Court orders as follows:

a.     No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

　　　b.　　Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

　　　c.　　Defendant shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

　　　5.　　Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  June 18, 2026



_____
JON S. TIGAR
United States District Judge